4

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

OCT 2 5 2000

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| CARLOS RAMIREZ d/b/a, | § | |
| ST. FRANCIS DISTRIBUTING CO., | § | |
| | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO. B-00-101 |
| v. | § | |
| | § | |
| TOM'S FOODS, INC. and ROY AJA, | § | |
| | § | |
| Defendants. | § | |

## ORDER

BE IT REMEMBERED that on October 25, 2000, the Court addressed whether the Parties were diverse in order to have jurisdiction to consider Defendants' Motion to Dismiss Based Upon a Contractual Forum Selection Clause [Dkt. No. 2].

I.   Background

Plaintiff Ramirez obtained a temporary restraining order ("TRO") from the 103rd Judicial District Court of Cameron County, enjoining Defendants Tom's Foods and Roy Aja from "finding Plaintiff in default and ceasing his business from the date this order is signed for fourteen days or until further order from this court." Order to Show Cause, attached as an exhibit to Notice of Removal [Dkt. No. 1]. Before the hearing for Defendants to show cause why a preliminary injunction should not issue against them, Defendants filed its Notice of Removal [Dkt. No. 1] to federal court based on diversity subject matter jurisdiction.

To fulfill diversity, Plaintiff must have different state citizenship from both Aja and

1

CHAPDF - www.texlse.com

Tom's Foods.[1]  28 U.S.C.A. § 1332.  In its Notice of Removal, Tom's Foods alleges that complete diversity exists because Aja was fraudulently joined.  [Dkt. No. 1].  Defendants argue that Plaintiff does not plead a cause of action against Aja to be entitled to recovery.  [Dkt. No. 1].  However, this Court finds that Aja was not fraudulently joined because Plaintiff adequately pleads a cause of action against Aja under the Texas Deceptive Trade Practices-Consumer Protection Act ("DTPA").

II.    Law on Fraudulent Joinder

Upon removal, defendants have the burden of proof to show that diversity exists because they invoked federal jurisdiction.  See Sid Richardson Carbon & Gasoline Co. v. Interenergy Resources, Ltd., 99 F.3d 746, 751 (5th Cir. 1996).  Defendants bear the burden of proving fraudulent joinder by clear and convincing evidence; all factual allegations and ambiguities in state law are construed in favor of the plaintiff.  See Sid Richardson, 99 F.3d at 751; Grassi v. Ciba-Geigy, Ltd., 894 F.2d 181, 186 (5th Cir. 1990); Ferguson v. Security Life of Denver Ins. Co., 996 F.Supp. 597, 603 (N.D.Tex. 1998).  There is fraudulent joinder if there is no possibility that the plaintiff could prevail against the non-diverse defendant, or there was outright fraud in the plaintiff's recitation of jurisdictional facts.  See Griggs v. State Farm Lloyds, 181 F.3d 694, 698 (5th Cir. 1999); Burden v. General Dynamics Corp., 60 F.3d 213, 217 (5th Cir. 1995).  "We do not determine whether the plaintiff will actually or even probably prevail on the merits of the claim, but look only for a possibility that the plaintiff might do so."  Id. at 216.

Fraudulent joinder claims may be resolved by "piercing the pleadings" and considering summary judgment-type evidence such as affidavits and deposition testimony.  See Ford v. Elsbury, 32 F.3d 931, 935 (5th Cir. 1994).  In looking beyond the pleadings, "the court should not conduct an evidentiary hearing but, based on

_____

[1] Plaintiff is a citizen of Texas.  Defendant Tom's Foods, Inc. is incorporated in the state of Delaware with its principal place of business in Georgia, and Defendant Roy Aja is a citizen of Texas.  See Plaintiff's Original Petition for Temporary Restraining Order, attached as an exhibit to Notice of Removal [Dkt. No. 1].

2

CVisPDF - www.fineprint.com

appropriate documentation in addition to the pleadings, should instead resolve all disputed questions of fact in favor of the plaintiff. <u>Burden</u>, 60 F.3d at 217. The Fifth Circuit has repeatedly warned against "pretrying a case to determine removal jurisdiction." <u>Griggs</u>, 181 F.3d at 700.

III.    <u>Aja Was Not Fraudulently Joined to Defeat Diversity</u>

This Court finds that Defendant Tom's Foods has not carried its burden in proving that Aja was fraudulently joined. The only factual allegation in Plaintiff's state court petition concerning Aja was that he offered to buy Plaintiff's business as an agent of Tom's Foods. <u>See</u> Plaintiff's Original Petition for Temporary Restraining Order, attached as an exhibit to Notice of Removal [Dkt. No. 1]. However, the Court is allowed to consider "summary judgment-type evidence" to determine whether there is any possibility at all that the Plaintiff can prevail against Aja. The Court finds that Plaintiff states a cause of action against Aja for violation of the DTPA in correspondence from Plaintiff's counsel to Aja. <u>See</u> Correspondence from Guillermo Vega to Roy Aja dated June 23, 2000, attached as an exhibit to Notice of Removal [Dkt. No. 1].

A cause of action could be maintained against an agent in his individual capacity under the DTPA. <u>Tenner v. The Prudential Insurance Co. of America</u>, 872 F.Supp. 1571, (E.D. Tex. 1994). In <u>Tenner</u>, the court held that it did not have jurisdiction in a case against an insurer and its agent that was removed from state court. The insurer argued that plaintiffs did not allege a cause of action against the agent, such that she was fraudulently joined. The court found that the plaintiffs stated a cause of action against the agent in his individual capacity because they alleged that he made affirmative misrepresentations which subjected the agent to suit under the DTPA. 872 F.Supp. at 1573.

Similarly, Plaintiff claimed that Aja's acts of offering to buy the business on behalf of Tom's Foods, and confirming Tom's Foods intention to do so constituted "false, misleading, and deceptive" conduct. Plaintiff further contended that these misrepresentations resulted in "substantial damages." <u>See</u> Letter from Plaintiff's

3

Counsel to Roy Aja dated June 23, 2000, attached as an exhibit to Notice of Removal [Dkt. No. 1]. To prove fraudulent joinder, the Defendants needed to establish that no possible cause of action exists against Aja. This they cannot do, because a possible cause of action for violation of the DTPA against Aja exists.

Therefore, the Court **FINDS** that Defendants failed to meet their burden of proving fraudulent joinder, and consequently, this Court does not have subject matter jurisdiction to consider Defendants' Motion to Dismiss Based Upon a Contractual Forum Selection Clause [Dkt. No. 2]. This case is hereby **REMANDED** to the 103rd Judicial District Court of Cameron County, and the Clerk's Office is hereby **ORDERED** to mail a certified copy of this order to the clerk of the state court.

DONE at Brownsville, Texas, this 25th day of October 2000.

Hilda G. Tagle
United States District Judge

4